IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT JACKSON | : | |
| *Plaintiff* | : | |
| | : | NO.  2:13-cv-04872-RB |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY, GEORGE JOHNSON, | : | |
| GEORGE SAMBUCA, CITY OF | : | |
| PHILADELPHIA, and JOHN DOES 1-10 | : | |
| *Defendants* | : | |

## ORDER

AND NOW, this _____ day of _____, _____ upon consideration of the Motion of Defendants Philadelphia Housing Authority and George Johnson to Dismiss Plaintiff's Amended Complaint, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as any response thereto, IT IS HEREBY ORDERED and DECREED that the motion is GRANTED.  It is further ORDERED that Counts I-V of Plaintiff's Amended Complaint as to Defendants Johnson and Sambuca are dismissed, with prejudice, and Count II of Plaintiff's Amended Complaint is dismissed as to Defendant Philadelphia Housing Authority, with prejudice.

BY THE COURT:

_____<br>**Honorable Ronald L. Buckwalter**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JACKSON *Plaintiff* v. PHILADELPHIA HOUSING AUTHORITY, GEORGE JOHNSON, GEORGE SAMBUCA, CITY OF PHILADELPHIA, and JOHN DOES 1-10 *Defendants* | NO.  2:13-cv-04872-RB |

**DEFENDANTS PHILADELPHIA HOUSING AUTHORITY AND GEORGE JOHNSON'S MOTION TO DISMISS, IN PART, PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants Philadelphia Housing Authority and George Johnson (hereinafter collectively, "moving Defendants"), by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move this Honorable Court for an Order dismissing Plaintiff's Complaint, in part, with prejudice, for failure to state a claim upon which relief may be granted. In support of their Motion to Dismiss, moving Defendants incorporate by reference the accompanying Brief.

MARGOLIS EDELSTEIN

BY:  *[signature]*
CATHERINE STRAGGAS, ESQUIRE
Identification No. 55805
EMILY E. MAHLER, ESQUIRE
Identification No. 310058
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone:  (215) 922-1100
*Attorneys for Defendants*
*Philadelphia Housing Authority and George Johnson*

Date:  December 2, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JACKSON<br>*Plaintiff*<br><br>v.<br><br>PHILADELPHIA HOUSING<br>AUTHORITY, GEORGE JOHNSON,<br>GEORGE SAMBUCA, CITY OF<br>PHILADELPHIA, and JOHN DOES 1-10<br>*Defendants* | NO.   2:13-cv-04872-RB |

**BRIEF IN SUPPORT OF DEFENDANTS PHILADELPHIA HOUSING
AUTHORITY AND GEORGE JOHNSON'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.   MATTER BEFORE THE COURT**

On or about November 18, 2013, Plaintiff Robert Jackson ("Plaintiff") filed an Amended Complaint against Defendants Philadelphia Housing Authority ("PHA"), George Johnson, George Sambuca, the City of Philadelphia, and John Does 1-10 for alleged violations of Title VII of the Civil Rights Act ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), 42 U.S.C. § 1983 ("Section 1983"), the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1985 ("Section 1985"), to which Defendants Philadelphia Housing Authority and George Johnson (hereinafter "moving Defendants") are responding by timely filing a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) and the instant brief in support thereof.

**II.   STATEMENT OF FACTS**[1]

According to the allegations of the Amended Complaint, Plaintiff was a student of

---

[1] Defendants set forth the facts as alleged in the Amended Complaint for purposes of this Motion to Dismiss only and reserve the right to respond to and deny all facts and allegations. A true and correct copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit "A."**

1

Defendant PHA's Pre-Apprenticeship program, which provides an introduction to carpentry, plumbing, painting and electrical work, beginning in January, 2012. See Exhibit "A," ¶ 8. Plaintiff avers that at the end of the program, several students were selected to become paid classroom assistants, and that he was not selected as a paid assistant due to his age and race. Id. at ¶¶ 11-12. Plaintiff alleges that he asked Defendant Johnson, Training Coordinator for the Apprenticeship Program, why he was not selected, and that Johnson responded, "we want younger people." Plaintiff further alleges that he was informed by Defendant Sambuca that the businesses which hire from the apprenticeship program are "only looking for minorities."

Based on the foregoing, Plaintiff filed an Amended Complaint which is the subject of the instant motion, alleging that Defendants refused to hire Plaintiff due to his age and race, in violation of Title VII, the ADEA, PHRA, and 42 U.S.C. §§ 1983 and 1985. Defendants Philadelphia Housing Authority and George Johnson now move to dismiss Counts I through V of Plaintiff's Amended Complaint as to individual Defendants Johnson and Sambuca for failure to state a claim upon which relief may be granted. Defendants further move to dismiss Count II of Plaintiff's Amended Complaint as to Defendant Philadelphia Housing Authority.

### III.  ARGUMENT

#### A. Standard of review

When considering a Fed. R Civ. P. 12(b)(6) Motion to Dismiss, this Honorable Court "accepts as true all allegations in the Complaint and all reasonable inferences which can be drawn therefrom." DeBendictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3rd Cir. 2007)). To survive a motion to dismiss, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Customers Bank v. Municipality of Norristown, No.

2

12-2471, 2013 WL 1789772 at *3 (E.D. Pa. April 26, 2013) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 at n.3 (2007)).[2] Twombly also notes that a Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Moreover, this Honorable Court need not accept Plaintiff's legal conclusions and is not bound "to accept as true a legal conclusion couched as a factual allegation." Customers Bank, 2013 WL 1789772, at *3 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

This Honorable Court, when analyzing Twombly together with the Supreme Court's ruling in Ashcroft v. Iqbal, 556 U.S. 662 (2009), stated that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-that the pleader is entitled to relief." Thompson v. Wynnewood of Lower Merion Twp., No. 12–2308, 2012 WL 4033706, at *3 (E.D. Pa. Sept. 13, 2012). Following Iqbal and Twombly, the Third Circuit Court of Appeals set forth a three-part analysis when determining whether a complaint survives a 12(b)(6) motion to dismiss, including (1) determining whether the plaintiff set forth the elements needed to state a claim; (2) separating well-pleaded factual allegations from mere conclusions; and (3) determining from these well-pleaded factual allegations whether they "plausibly give rise to an entitlement for relief." Thompson, 2012 WL 403370, at *3 (citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)).

---

[2] A copy of the Customers Bank opinion, together with all other unpublished decisions cited in this memorandum, is attached hereto as **Exhibit "B."**

### B. Counts I-V Against Individual Defendants Johnson and Sambuca Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted

#### 1. Plaintiff's Claims Under Title VII and the ADEA Must be Dismissed as to Defendants Johnson and Sambuca, as These Statutes Do Not Provide for Individual Liability

Counts I and III of Plaintiff's Amended Complaint allege liability against Defendants Johnson and Sambuca under Title VII and the ADEA. See Exhibit "A," at ¶¶ 22-33, 39-43. The Amended Complaint identifies both Defendant Johnson and Defendant Sambuca as "agent[s], servant[s], [workmen], officer[s], and/or employee[s] of Philadelphia Housing Authority." Id. at ¶¶ 6-7. These claims against Johnson and Sambuca must be dismissed with prejudice, as Title VII and the ADEA do not provide for individual liability.

##### a. Title VII Does Not Provide for Individual Liability

Title VII protects individuals from discrimination by their employer with respect to the compensation, terms, conditions, and privileges of employment. Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 259 (1981). The statute provides, in pertinent part:

It shall be an unlawful employment practice for an employer -

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e-2. The term "employer" is defined by the statute as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . ." See 42 U.S.C. § 2000e(b).

The Third Circuit has specifically held that Title VII does not impose individual liability

4

on the agents or employees of a defendant employer. Beaubrun v. Inter Cultural Family, No. 05-06688, 2006 WL 1997371 (E.D. Pa. Jul. 13, 2006) (citing Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir.1996) (*en banc*), cert. denied, 521 U.S. 1129 (1997)) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII."). This honorable Court has further recognized that suits against individuals in their official capacities are not permissible under Title VII. See Foxworth v. Pennsylvania State Police, No. 03-CV-6795, 2005 WL 840374, at *4 (E.D. Pa. Apr. 11, 2005) ("[b]ecause the only proper defendant in a Title VII case is the "employer," pursuing such claims against individuals in their official capacities would be redundant"). Accordingly, Plaintiff's Title VII claims against Defendants Johnson and Sambuca must be dismissed with prejudice.

### b. The ADEA Does Not Provide for Individual Liability

Plaintiff's claims pursuant to the Age Discrimination in Employment Act must likewise be dismissed as to Defendants Johnson and Sambuca, as the statute does not impose liability on individuals. See Hill v. Borough of Kutztown, 455 F.3d 225, 246 (3d Cir. 2006) ("the ADEA does not provide for individual liability"); See also Slater v. Susquehanna County, 613 F.Supp. 2d 653, 667 (M.D. Pa. 2009) ("all U.S. District Courts in Pennsylvania agree that the ADEA does not provide for individual liability"). Accordingly, Plaintiff's claims against Johnson and Sambuca under the ADEA in Count III of the Amended Complaint must be dismissed.

### 2. Plaintiff Cannot State a Claim Against the Defendants Johnson and Sambuca for Aiding and Abetting Liability Under the PHRA

To the extent that Plaintiff's Complaint alleges that Defendants Johnson and Sambuca actions "aided and abetted" Defendant Philadelphia Housing Authority and/or the "John Doe"

Defendants in the commission of unlawful discriminatory practices, Plaintiff has further failed to state a claim. As explained by this Honorable Court, "an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision." Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C., 20 F. Supp. 2d 885, 887 (E.D.Pa.1998). However, only supervisors are liable for aiding and abetting discrimination under the PHRA. See Santarelli v. National Book Co. Inc., No. 96-998, 1999 WL 1212992, *6 (C. P. Phila. Feb. 18, 1999) (quoting Cohen v. Temple Physicians Inc., 11 F. Supp.2d 733, 737 (E.D. Pa. 1998)) ("individual employees are not to be held liable under these Acts unless a *supervisory* employee can be shown to have aided and abetted the employer's discriminatory actions in violation of the PHRA) (emphasis added). Further, to hold an individual liable under the PHRA, the plaintiff's complaint must allege that the defendant aided, abetted, incited, compelled or coerced a discriminatory practice." Santarelli, 1999 WL 1212992, at *6.

In the instant matter, Count IV must be dismissed as to Defendants Johnson and Sambuca, as Plaintiff's Amended Complaint does not allege facts sufficient to establish aiding and abetting liability with respect to the individual defendants. First, Plaintiff does not allege that Defendant Johnson or Sambuca served as his supervisor at Philadelphia Housing Authority. See Dici v. Pennsylvania, 91 F.3d 542, 552–53 (3d Cir. 1996) (dismissing 43 P.S. § 955(e) action against individual defendant on grounds that "'aiding and abetting liability' under the PHRA is limited to supervisors only"). Accordingly, Plaintiff cannot assert that Defendants Sambuca or Johnson are subject to liability for aiding and abetting a discriminatory practice under the PHRA.

Furthermore, there are no plausible averments that show that the individual defendants (1) directly discriminated against plaintiff, or (2) failed to take action to prevent further discrimination by an employee under their supervision. See Davis, 20 F. Supp. 2d at 887. The only factual averments against Defendants Johnson and Sambuca in Plaintiff's Complaint allege that these individuals (1) are employees of Defendant PHA and (2) opined to Plaintiff regarding the reasons Plaintiff was not selected by the "businesses" and "companies" which hire through the apprenticeship program. See Exhibit "A" at ¶¶ 14, 15. Such actions, even if accepted as true, are insufficient to establish aiding and abetting liability pursuant to the PHRA. Therefore, these Defendants cannot plausibly be subjected to individual liability, and they should be dismissed, with prejudice, from this matter.

### 3. Count II of Plaintiff's Complaint, Alleging liability Against the Individual Defendants in Their Official Capacities, Must be Dismissed

Count II of Plaintiff's Amended Complaint asserts claims against Defendants Johnson and Sambuca in their official capacities pursuant to 42 U.S.C. § 1983, *et seq.* A plaintiff may only bring a Section 1983 action if he alleges that a "person" acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. To hold an individual liable in his official capacity or extend liability to a municipal employer, the plaintiff must show that the defendant initiated or maintained, on behalf of the municipality, a policy or custom that caused the constitutional violation. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583–584 (3d Cir.2003). "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Phila.,

895 F.2d 1469, 1480 (3d Cir.1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir.1990) (citing Andrews, 895 F.2d at 1480). One in an official capacity may be liable under Section 1983 in cases where a policymaker makes "a deliberate choice to follow a course of action . . . and the policy chosen reflects deliberate indifference to constitutional rights." Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir.1989) (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). In determining whether a defendant is a "policymaker," courts look to state law to determine whether the official "has final, unreviewable discretion to make a decision or take an action." Kelly v. Borough of Carlisle, 622 F.3d 248, 246 (3d Cir.2010) (citing Andrews, 895 F.2d at 1581)). In the instant matter, Plaintiff has failed to allege that Defendants Johnson or Sambuca are policymakers with respect to the Philadelphia Housing Authority's Apprenticeship program. Moreover, Plaintiff has failed to plead facts which plausibly demonstrate that Defendant Johnson or Defendant Sambuca initiated, maintained, or interpreted a policy or custom on behalf of PHA which lead to the violation of his constitutional rights. Accordingly, Count II of Plaintiff's Complaint must be dismissed as to the individual Defendants.

### 4. Plaintiff has failed to plead facts of concerted action between the individual Defendants sufficient to support his Section 1985 claim

Plaintiff has failed to plead conspiracy sufficient to support his 42 U.S.C. § 1985 claim. In order to bring a claim under § 1985(3), plaintiff must show: "(1) a conspiracy; (2) for the

8

purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir.2006).

Under the Law of the Third Circuit, Count V of Plaintiff's First Amended Complaint must be dismissed, as it is entirely devoid of factual allegations from which a conspiratorial agreement or concerted action can be inferred to plausibly plead a constitutional conspiracy. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir.2010) ("[w]e have held that to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred"). The Great W. Mining Court opined that in the conspiracy context, following Iqbal and Twombly, the Complaint must allege "enough factual matter (taken as true) to suggest that an agreement was made," in other words, "plausible grounds to infer an agreement." Id. at 178. See also Garcia v. Police Officer John Doe No. 1-4, No. 01-2449, 2003 WL 22358442, at *3 (E.D. Pa. Sept.12, 2003) (holding that to survive a motion to dismiss a plaintiff must "plead facts that touch on the period and object of the conspiracy and some actions taken in furtherance of the conspiracy"); Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa.1999) ("[o]nly allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other action of the alleged conspirators taken to achieve that purpose will be deemed sufficient"). This honorable Court has dismissed Section 1985 conspiracy claims which failed to establish the existence of conspiratorial agreement. See Rodriguez v. Widener University, No.

9

13–1336, 2013 WL 3009736 (E.D. Pa. Jun. 17, 2103) (dismissing Section 1985 claim where Plaintiff merely alleged that the Defendants "agreed and acted together" to violate his rights when they dismissed him as a student and terminated his employment). The Rodriguez Court noted that none of the allegations of the plaintiff's complaint, taken as true, "plausibly bear out the existence of a civil rights conspiracy, its objectives, and the role each defendant played in carrying out those objectives, so that we could reasonably infer a conspiratorial agreement." Id. Defendants respectfully submit that a similar finding is warranted in the instant matter, as Plaintiff has merely alleged that Defendants "conspired" to not hire Plaintiff due to his race and age, which is insufficient to plausibly plead the existence of a civil rights conspiracy. Accordingly, Count V of Plaintiff's Complaint should be dismissed with prejudice.

### 5. Plaintiff Cannot Sustain a Cause of Action Against the individual Defendants in their "Individual Capacities" pursuant to 42 U.S.C. § 1983

Plaintiff's Section 1983 claim against Defendants Johnson and Sambuca in their individual capacities must be dismissed because Plaintiff has not alleged facts sufficient to infer personal involvement in the alleged failure to hire Plaintiff. To state a Section 1983 claim against a government official in his individual capacity, a plaintiff must allege the official's "personal involvement in the alleged wrongdoing," because there is no respondeat superior liability in individual capacity suits. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)). Thus, a plaintiff must allege facts to support an inference that the conduct was personally directed by the official, or that the official had actual knowledge of the conduct and acquiesced to it. Id.

In his Complaint, Plaintiff alleges that he was not hired as a paid classroom assistant.

However, Plaintiff has not alleged sufficient facts from which the Court may infer that Defendant Johnson or Defendant Sambuca personally made the decision regarding Plaintiff's non-hire. Furthermore, Plaintiff has alleged no facts from which the Court can conclude that Defendant Johnson or Defendant Sambuca directed the acts of the unidentified John Doe Defendants in not hiring the Plaintiff as an apprentice. Accordingly, Count V of Plaintiff's Complaint must be dismissed in its entirety, with prejudice.

      C.      **Count II of Plaintiff's Complaint, Alleging 42 U.S.C. § 1983 liability Against the Philadelphia Housing Authority Must be Dismissed Pursuant to F.R.C.P. 12(b)(6)**

Plaintiff has likewise not alleged sufficient facts to state a Section 1983 claim against Philadelphia Housing Authority. As set forth above, a policy may be established when a "decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict," or by custom when practices, though not official policy or law, are "so permanently and well-settled as to virtually constitute law." Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir.1990). To adequately plead "custom," a plaintiff must plead facts from which it can be inferred that the decision maker knew or acquiesced to the practices. Id.

In his Amended Complaint, Plaintiff has alleged no facts that would, even if proven, establish any Philadelphia Housing Authority policy, either formal or adopted by custom. The Amended Complaint merely sets forth boilerplate allegations that Defendants "maintained a custom, policy, practice and/or procedure of discrimination as to age and race," and "developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional Rights of persons . . ." See Exhibit "A" at ¶¶ 35, 36. This is the type of

11

formulaic recitation of the elements of a cause of action that courts must reject as insufficient. See Zeigler v. PHS Correctional Health Care, Inc., No. 11–203, 2012 WL 1971149, at *6 (W.D. Pa. Jun. 1, 2012) ("Merely alleging that an entity has 'engaged in a policy, custom, and practice' that violated plaintiff's federal rights is precisely the formulaic recitation of legal elements that the Twombly Court determined was insufficient to defeat a motion to dismiss"). Accordingly, Plaintiff's Section 1983 claim against the Philadelphia Housing Authority must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## IV. REQUESTED RELIEF

Based on the foregoing, moving Defendants respectfully request this Honorable Court enter an Order, substantially in the form appended hereto, dismissing Counts I through V of Plaintiff's Amended Complaint as to Defendant Johnson and Defendant Sambuca, with prejudice, and dismissing Count II of Plaintiff's Amended Complaint as to Defendant Philadelphia Housing Authority, with prejudice, pursuant to Rule 12(b)(6).

MARGOLIS EDELSTEIN

BY: _/s/ Emily E. Mahler_

CATHERINE STRAGGAS, ESQUIRE
Identification No. 55805
EMILY E. MAHLER, ESQUIRE
Identification No. 310058
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone: (215) 922-1100
*Attorneys for Defendants*
*Philadelphia Housing Authority and George Johnson*

Date: December 2, 2013