# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JACKSON | : | |
| *Plaintiff* | : | |
| | : | NO.   2:13-cv-04872-RB |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY, GEORGE JOHNSON, | : | |
| GEORGE SAMBUCA, CITY OF | : | |
| PHILADELPHIA, and JOHN DOES 1-10 | : | |
| *Defendants* | : | |

## ORDER

AND NOW, this _____ day of _____, _____ upon consideration of Defendants'
Response in Opposition to Plaintiff's Motion for Enlargement of Plaintiff's Response Deadline to
Defendants' Motion to Dismiss, IT IS HEREBY ORDERED and DECREED that the motion is
DENIED.  IT IS FURTHER GRANTED that Defendants Philadelphia Housing Authority and
George Johnson's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED as
uncontested.

**BY THE COURT:**

_____
**Honorable Ronald L. Buckwalter**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT JACKSON | : | |
| *Plaintiff* | : | |
| | : | NO.   2:13-cv-04872-RB |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY, GEORGE JOHNSON, | : | |
| GEORGE SAMBUCA, CITY OF | : | |
| PHILADELPHIA, and JOHN DOES 1-10 | : | |
| *Defendants* | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ENLARGEMENT OF RESPONSE DEADLINE TO DEFENDANTS' GEORGE
JOHNSON AND PHILADELPHIA HOUSING AUTHORITY'S MOTION TO DISMISS**

Defendants Philadelphia Housing Authority and George Johnson, by their undersigned

counsel, hereby file the within response in opposition to Plaintiff's Motion for Enlargement of

Plaintiff's Response Deadline to Defendants' Motion to Dismiss.  In support of their response,

Defendants incorporate by reference the accompanying Brief.

MARGOLIS EDELSTEIN

BY:      *Emily E. Mahler*

CATHERINE STRAGGAS, ESQUIRE
Identification No. 55805
EMILY E. MAHLER, ESQUIRE
Identification No. 310058
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone: (215) 922-1100
*Attorneys for Defendants*
*Philadelphia Housing Authority and George*
*Johnson*

Date:   December 23, 2013

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT JACKSON | : | |
| *Plaintiff* | : | |
| | : | NO.   2:13-cv-04872-RB |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY, GEORGE JOHNSON, | : | |
| CITY OF PHILADELPHIA, and JOHN | : | |
| DOES 1-10 | : | |
| *Defendants* | : | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ENLARGEMENT OF RESPONSE DEADLINE TO PHILADELPHIA
HOUSING AUTHORITY AND GEORGE JOHNSON'S MOTION TO DISMISS**

## I.   MATTER BEFORE THE COURT

On December 19, 2013, Plaintiff filed a motion for enlargement of time to respond to

Defendants Philadelphia Housing Authority and George Johnson's Motion to Dismiss Plaintiff's

Complaint, to which Defendants Philadelphia Housing Authority and George Johnson are timely

responding.

## II.   FACTS AND PROCEDURAL POSTURE

Plaintiff filed a Civil Action Complaint Against the above named Defendants on August 21,

2013.  See Doc. No. 1.  Defendants Philadelphia Housing Authority and George Johnson filed a

Motion to Dismiss Plaintiff's Complaint, in part, on October 17, 2013.  See Doc. No. 12.  Thereafter,

Plaintiff filed a First Amended Complaint on November 18, 2013.  See Doc. No. 16.  On December

2, 2013, Defendants Philadelphia Housing Authority and George Johnson filed a Motion to Dismiss

Plaintiff's First Amended Complaint.  See Doc. No. 19.  On December 19, 2013, three days ***after***

the deadline for any response to Defendants' Motion to Dismiss, Plaintiff filed a motion for

1

enlargement of time to respond to Defendants' motion, averring that the motion was timely, constituting "good cause" for the Court to grant said motion. <u>See</u> Doc. No. 20. To date, Plaintiff has filed no response to Defendants' Motion to Dismiss.

## III.   <u>ARGUMENT</u>

### A.   **Plaintiff's Motion for Enlargement is Not Timely Pursuant to Federal and Local Rules of Civil Procedure**

Contrary to the averments of the instant motion, Plaintiff's motion for enlargement of time to file a response to Defendants' Motion to Dismiss is ***not timely***. Pursuant to Local Rule of Civil Procedure 7.1, Plaintiff's response in opposition to Defendants' Motion to Dismiss was due within fourteen (14) days of Defendants' motion:

> Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, ***within fourteen (14) days*** after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56 . . .

L.R.C.P. 7.1(c) (emphasis added). As clearly evidenced by the docket entries in the instant matter, Defendants' Motion to Dismiss was timely filed on December 2, 2013. <u>See</u> Doc. No. 19. Accordingly, the deadline for Plaintiff to file a Response and/or any Brief in Opposition to Defendants' Motion was December 16, 2013. L.R.C.P. 7.1(c). Nonetheless, Plaintiff failed to file any response to Defendants' Motion to Dismiss in advance of said deadline.

The Federal Rules of Civil procedure provide that the Court may, for good cause, extend the time for such a filing:

> (A) with or without motion or notice if the court acts, or if a request is made, ***before the original time or its extension expires***; or

> (B) on motion made after the time has expired if the party failed to act because of

2

excusable neglect.

Fed. R. Civ. P. 6(b)(1) (emphasis added). As set forth above, Plaintiff's request for additional time was not made before the original time for Plaintiff's response expired. Furthermore, Plaintiff has not shown "excusable neglect" to permit this Court to extend the time for response in light of Plaintiff's untimely motion. In fact, Plaintiff's motion provides absolutely no excuse as to why he did not file his motion for an enlargement *prior* to the deadline for his response or request concurrence of counsel in advance thereof. Accordingly, Plaintiff's motion for enlargement of time should be denied.

**B.     Plaintiff has Not Shown the Requisite "Good Cause" to Support Granting Additional Time for Plaintiff to Respond to Defendants' Motion to Dismiss**

Notwithstanding the fact that the instant motion for enlargement is untimely pursuant to federal and local rules of civil procedure, Plaintiff has further failed to demonstrate "good cause" to support his request for additional time to respond to Defendants' motion to dismiss. Plaintiff raises only the "complexity" of Defendants' Motion to Dismiss as grounds upon which the Court should grant Plaintiff additional time for a response. To the degree that Defendants' Motion is "complex," a contention with which Defendants respectfully disagree, the length and substance of Defendants' Motion to Dismiss were ultimately dictated by the claims presented by the Plaintiff in his Complaint. Plaintiff's Five Count First Amended Complaint alleges violations of no fewer than five federal and state statues as well as constitutional violations, against four named Defendants, John Doe Defendants 1-10, and against both entities, individuals, and representatives in their official capacities. As set forth more fully in Defendants' Motion to Dismiss, several of these counts are legally deficient. See Doc. No. 19. Accordingly, Defendants were compelled to file said motion to

dismiss these claims for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Moreover, as the party bringing the aforementioned claims in instant matter, Plaintiff should be fully acquainted with said causes of action and their legal elements, as well as defenses thereto. Accordingly, the "complexity" of Defendants' motion cannot establish good cause to support a finding that the grant of additional time to respond to Defendants' motion is warranted.

**C. This Honorable Court Should Grant Defendants' Motion to Dismiss as Uncontested**

As set forth above, Plaintiff has not filed any response in opposition to Defendants' Motion to Dismiss the First Amended Complaint, nor has he shown good cause and/or excusable neglect to support his request for additional time to file said response.   Pursuant to Local Rule of Civil Procedure 7.1(c), in the absence of a response or brief in opposition, this Court may grant as uncontested any motion except as provided under Fed.R.Civ.P. 56. See, e.g. Tobia v. Bally Total Fitness Holding Corp., No. 12–1198, 2013 WL 638290, at *2 (E.D. Pa. Feb. 21, 2013) (discussing grant of motions to dismiss as uncontested pursuant to Eastern District of Pennsylvania Local Civil Rule 7.1(c), upon having received no responses to said motions from plaintiffs).   Accordingly, Defendants' Philadelphia Housing Authority and George Johnson respectfully request that this Honorable Court grant Defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) as uncontested.

4

IV.     **CONCLUSION**

Based on the foregoing, Defendants respectfully request this Honorable Court enter an Order, substantially in the form appended hereto, denying Plaintiff's motion for an enlargement of time to respond to Defendants' Motion to Dismiss, and granting Defendants' Motion to Dismiss as uncontested.

MARGOLIS EDELSTEIN

BY:      _____
CATHERINE STRAGGAS, ESQUIRE
Identification No. 55805
EMILY E. MAHLER, ESQUIRE
Identification No. 310058
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone:  (215) 922-1100
*Attorneys for Defendants*
*Philadelphia Housing Authority and George*
*Johnson*

Date:   December 23, 2013

5

## CERTIFICATE OF SERVICE

I, Emily E. Mahler, Esquire, hereby certify that on the date shown below a true and correct copy of the foregoing Response in Opposition to Plaintiff's Motion for Enlargement of Plaintiff's Response Deadline to Defendants' Motion to Dismiss, together with all supporting documents, was served on December 23, 2013 via Notice of Electronic Filing, as follows:

Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
WEISBERG LAW, P.C.
7 South Morton Avenue
Morton, PA 19070
*Attorneys for Plaintiff Robert Jackson*

MARGOLIS EDELSTEIN

BY: _____

CATHERINE S. STRAGGAS, ESQUIRE
Identification No. 55805
EMILY E. MAHLER, ESQUIRE
Identification No. 310058
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone:  (215) 922-1100
*Attorneys for Defendants*
*Philadelphia Housing Authority and George*
*Johnson*

Date:   December 23, 2013