IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JACKSON, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 13-4872 |
| PHILADELPHIA HOUSING AUTHORITY, | : | |
| GEORGE JOHNSON, GEORGE SAMBUCA, | : | |
| CITY OF PHILADELPHIA, and | : | |
| JOHN DOES 1–10, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this *20th* day of *March*, 2014, upon consideration of the Motion to Dismiss by Defendants Philadelphia Housing Authority and George Johnson (Docket No. 19), the Response of Plaintiff Robert Jackson (Docket No. 24), and the Motion to Dismiss by Defendant George Sambuca (Docket No. 27),[1] it is hereby **ORDERED** that the Motions are **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motions to Dismiss Counts I and III, alleging liability under Title VII and the Age Discrimination in Employment Act against Defendants Johnson and Sambuca in their individual capacities, are **GRANTED** and this claim is **DISMISSED**.

---

[1] The Court notes that Defendant Sambuca did not join the original Motion to Dismiss filed by the Philadelphia Housing Authority ("PHA") and George Johnson. That Motion, however, argued on behalf of all three Defendants and Plaintiff's Response addressed the claims with respect to all three Defendants. Defendant Sambuca's subsequent Motion to Dismiss is almost a verbatim copy of the arguments raised on his behalf in the Motion by Defendants PHA and Johnson. In light of the fact that the Court is granting Plaintiff leave to amend his Amended Complaint, the Court shall not delay this ruling while awaiting a response to Defendant Sambuca's Motion to Dismiss.

2. The Motions to Dismiss Count IV, alleging liability under § 955(e) of the Pennsylvania Human Relations Act against Defendants Johnson and Sambuca in their individual capacities, are **DENIED**.

3. The Motions to Dismiss Count II, alleging liability under 42 U.S.C. § 1983 against Defendants Johnson and Sambuca in their official capacities, is **GRANTED** and this claim are **DISMISSED**.

4. The Motions to Dismiss Count V, alleging a violation of 42 U.S.C. § 1985(3) against Defendants Johnson and Sambuca in their individual capacities, are **GRANTED** and this claim is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's leave to file a Second Amended Complaint.

5. The Motions to Dismiss Count V, alleging a violation of 42 U.S.C. § 1983 against Defendants Johnson and Sambuca in their individual capacities, are **DENIED**.

6. The Motion to Dismiss Count V, alleging a violation of 42 U.S.C. § 1983 against Defendant Philadelphia Housing Authority, is **GRANTED** and the claim is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's leave to file a Second Amended Complaint.

7. Plaintiff shall have twenty (20) days from the date of this Order to file a Second Amended Complaint correcting the deficiencies outlined in the accompanying Memorandum Opinion.

It is so **ORDERED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.